UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 5 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CINTEC INTERNATIONAL LTD., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 03-2393 (RJL) |
| ) | |
| JOHN HUMPHRIES PARKES (trading as ) | |
| Dell Explosives) ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER
(June 2✗, 2006) [#37]

Plaintiffs filed the complaint in the instant action on November 19, 2003, seeking declaratory judgment that plaintiffs' devices do not infringe defendant's patents and that certain claims of one of defendant's patents are invalid, void or unenforceable, seeking a permanent injunction against defendant, and seeking damages due to unfair competition and false representation by the defendant. Defendant answered and filed a counter-claim alleging infringement of two of the defendant's patents by the plaintiffs. Presently before the Court is plaintiffs' [37] Cross-Motion for Case-Dispositive Sanctions.

Upon due consideration of the cross-motion and the entire record herein, this Court finds that the actions of the defendant, which include the defendant's inability or unwillingness to appear before this Court in person or through representation by counsel and the defendant's failure to comply with discovery orders set by Magistrate Judge Facciola, upon which defendant at least received notice of by July 23, 2004, warrant case dispositive sanctions in the form of default judgment.

In this Circuit, the standard for granting a motion for default judgment is set forth in *Jackson v. Beech*, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure. Although a trial on the merits is favored over a default judgment, *see Jackson*, 636 F.2d at 835, our Circuit held in *Jackson* that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. *Jackson v. Beech*, 636 F.2d at 836-37; *Combs v. Nick Garin Trucking*, 263 U.S. App. D.C. 300, 825 F.2d 437, 442 (D.C. Cir. 1987); *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 4-5 (D.D.C. 2003). While the defendant has not been "totally unresponsive," as the defendant has sent letters to opposing counsel and the Court and filed motions seeking sanctions against the plaintiffs or seeking to have the case dismissed as an abuse of process, the defendant has failed to respond to discovery requests and orders, that the defendant has notice of, and has willfully delayed the prosecution of this case as a result. *See Jackson*, 636 F.2d at 837; *see also Woodhouse*, 219 F.R.D. at 4-5. Our Circuit Court stated in *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970):

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to rights. The default judgment remedy serves as such a protection. Furthermore, the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy.

432 F.2d at 691. Applying this standard here, defendant has been "essentially unresponsive,"

and, therefore, default judgment is appropriate.[1] *Id.*

Moreover, the plaintiffs have been prejudiced by the repeated and willful delays of the defendant. Indeed, due to the defendant's situation in Scotland, it is unknown when discovery in this litigation will ever fully begin. *See Woodhouse*, 219 F.R.D. at 5. While defendant claims to have asserted a "meritorious defense" to plaintiffs' claims (i.e., denying patent infringement and any unfair competition and by asserting a counter-claim of patent infringement against the plaintiffs, *id.* at 5-6), after weighing the factors set forth in *Jackson*, 636 F.2d 831, the Court, as in *Woodhouse*, declares default judgment in favor of the plaintiffs as to the declaratory judgment counts in plaintiffs' complaint due to the willful nature of defendant's default and the prejudice that default has caused and will continue to cause plaintiffs. *See Woodhouse*, 219 F.R.D. at 6.

Accordingly, it is, this 29th day of June, 2006, hereby

**ORDERED** that plaintiffs' [37] Cross-Motion for Case-Dispositive Sanctions is GRANTED; and it is further

**ORDERED** that default judgment be ENTERED against the defendant as to the Count 1 and 2 of plaintiffs' Complaint, and therefore, declaratory judgment is entered for

---

[1] It should be noted that defendant has received notice of plaintiffs' Cross-motion for Case-Dispositive Sanctions, as required by Federal Rule of Civil Procedure 55(b)(2), which includes plaintiff's request for default judgment. Indeed the defendant, in his most recent filing with the Court, stated "[t]he Defendant Counterclaim Plaintiff respectfully resists [sic] that judgment for the plaintiff Cintec be entered in this action in light of his foregoing pleadings." (Def.'s Mot. to Seek Sanctions Against the Pl. at 2.) It should also be noted that defendant recently (i.e. June 13, 2006) sent to the Court's chambers an "Answer to Plaintiffs (Cintec) Opposition to Motion Seeking Guidance and Dismissal." However, the defendant's pleading yet again fails to be responsive to this Court and the motions of the plaintiff, thereby continuing the onerous delay in litigating this action.

the plaintiff, declaring that plaintiffs' line of products collectively referred to as the Waterwall™ devices do not infringe United States Patent Nos. 4,836,079; 5,719,350; 5,728967; 6,302,026; and 6359,188, and declaring that claims 1, 2, 5, and 6 of United States Patent No. 6,302,026 are invalid, void and unenforceable under the Patent Laws of the United States; and it is further

**ORDERED** that defendant's counter-claims are hereby DISMISSED without prejudice for lack of prosecution pursuant to Local Rule 83.23; and it is further

**ORDERED** that plaintiffs, as indicated in their pleading, shall submit an appropriate order voluntarily dismissing its unfair competition claim within 10 days of this Order; and it is further

**ORDERED** that the plaintiffs submit to the Court within 15 days of this Order, proposed Findings of Fact and proposed Conclusions of Law for the Court's review; and it is further

**ORDERED** that the Clerk of the Court send a copy of this Order to the defendant, John H. Parkes at the following address:

> RedHall Mill Cottage
> Colinton Dell
> Edinburgh, Scotland
> EH 14 1F.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge